MARY E. JONES, plaintiff in error, *vs.* NEEDHAM BULLARD *et al.*, defendants in error.

Where the life estate of the husband in a plantation was levied on, the refusal of the chancellor to enjoin the sale thereof at the instance of the wife on the ground that some portion of her trust property had been invested in improvements placed thereon, where such allegation was disproved by several affidavits, will not be controlled.

Injunction. Before Judge GIBSON. Burke County. At Chambers. March 25th, 1875.

Mary V. Jones filed her bill for relief, injunction, etc., against her husband, James V. Jones, and against Needham Bullard, her husband's judgment creditor, and others, in which she alleged that her husband was, and for many years

Jones *vs.* Bullard *et al.*

past had been, a paralytic beyond recovery, unable to contribute to their joint maintenance; that he had no other property but a life estate in a certain plantation; that he had received $25,000 00 worth of her separate trust property, and had used it in his business, and with some of it had placed improvements on said plantation; that said Bullard held a judgment against him, and had levied on said plantation, and unless restrained would sell it, and thereby prevent complainant from recovering any part of her trust claim, which, in view of the physical condition of her husband, should, in accordance with the spirit of the law, be a debt of superior dignity to Bullard's.    Prays injunction, etc.

The answer of the defendant set up that there was no equity in the bill, and denied every material allegation.    It was supported by strong affidavits.

The chancellor refused the injunction, and the complainant excepted.

HOOK & WEBB, by PEEPLES & HOWELL, for plaintiff in error.

J. J. JONES, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, praying for an injunction to restrain the sale of her husband's life estate in a plantation in Burke county, which had been levied on as his property, to satisfy an execution issued on a judgment obtained against him.    On the hearing of the application for the injunction, and after considering the allegations contained in the complainant's bill, the answer of the defendant and the several affidavits in support thereof, the presiding judge refused to grant the injunction prayed for, whereupon the complainant excepted.    We will not interfere to control the discretion of the judge in refusing the injunction in this case on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.